FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 2 6 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA CRENSHAW

-v-

Plaintiff,

(MERS), MORTGAGE ELECTRONIC
 REGISTRATION SYSTEMS, INC
GMAC MORTGAGE, LLC
FIRST NATIONAL BANK OF ARIZONA,
FEDERAL DEPOSIT INSURANCE CORP.

Defendants.

_____/

12CV4640 and 12CV4646

JUDGE:

"MASS JOINDER"
"JURY TRIAL DEMANDED

### PLAINTIFF'S ANSWER AND MOTION TO DENY DEFENDANTS REQUEST TO TRANSFER CASE BACK TO MICHIGAN AND PLAINTIFF'S REQUEST FOR SUMMARY JUDGEMENT

Comes now Plaintiff, Patricia Crenshaw's Answer and Motion to Deny Defendant's request to remove this case to Michigan, and Plaintiff's request for Summary Judgment.

1. This Court has jurisdiction over each of the non-domiciliary Defendants because each of them transacts business within the State of New York within the meaning of CPLR§§302(a)(1) and each of them committed a tortuous act inside the State of New York, or outside of the State of New York, causing injury outside and within the State of New York within the meaning of CPLR§§302(a)(2) and CPLR§§302(a)(3).

2. Venue is proper in this Court pursuant to Section 503 of the CPLR, as Defendants regularly conduct business there and avail themselves of the benefits and protections of New York law there.

3. Plaintiff is a US Citizen and is entitled by law to bring this case before The Court, and to have her case heard.

4. Plaintiff is requesting, and has a right to representation by an attorney, at the expense of the state of New York.

5. First National Bank of Arizona (hereafter "FNBA") failed through deception, to disclose they would securitize Plaintiff's loan (See attached loan documents as Exhibit A).

6. GMAC Mortgage LLC and MERS initiated a non-judicial foreclosure against property in which neither held any interest or legal standing to proceed.

7. FNBA, and its agents, nominees, and subsequent loan servicers denied Plaintiff Crenshaw's access to a loan modification, and proceeded with a foreclosure by publication in violation of MCL 600.3205a (1)(d);

8. Neither of the Defendants have answered Plaintiff's complaint in this case—which was timely filed; as a result, Plaintiff is entitled to Summary Judgment in her favor.

## PLAINTIFF'S BRIEF IN SUPPORT OF SUMMARY JUDGEMENT

A genuine issue of material facts exists regarding Defendant's standing as the real party in interest to the subject property; who, in fact, held the note on the subject property on the date of the alleged foreclosure; who currently holds the aforementioned note, and the validity and relevance of documents submitted in evidence.

1. Since neither GMAC, MERS, FNBA, nor FDIC received all of Plaintiff's payments, nor observed the receipt of these payments, Defendants cannot attest to what they have no

2

personal knowledge of, pursuant to FRE 602, neither have Defendants submitted one document or Exhibit substantiating Plaintiff "failed to make payments". Defendants further alleges Plaintiff's property was sold to MERS as nominee for the lender, but fails to establish how the subject property was conveyed from its original lender, FNBA, into MERS hand, the assignee of FNBA, or why Defendant GMAC retained Orlans and Associates to initiate foreclosure, not on behalf of MERS, but itself (See Plaintiff's Exhibit "A" attached).

2. Defendants documents used to support Plaintiff's unconscionable foreclosure, were unsupported by affidavit, or proper evidentiary foundation, attesting to matters which neither Defendant had personal knowledge, and do not invalidate disputed facts; "There is a complete gap in the evidence between the time First National Bank of Arizona ("FNBA") was lawfully in the possession of FNBN, and the title to the document was in FNBA, and the time that it ultimately came to rest in the possession of (FDIC), and there is no formal proof, first of all that FNBA ever went into receivership, if so, what happened with respect to any of the assets of that institution as a result of that, specifically what happened with respect to *Plaintiff's note and mortgage*, and there is no proof or evidence sufficient to permit a jury to reach a verdict in favor of the Defendant with respect to what happened to Plaintiff's note, and what has been referred to as its many transitions in ownership among, apparently FNBA, GMAC, MERS, FNBN, and ultimately its transfer into the possession of FDIC." (*FDIC v. Houde* (1st Cir. 1996) Federal Circuits, 1st Cir. (August 01, 1996), Docket number: 95-1853.01A) Neither FDIC, nor GMAC, has presented competent proof of the various transactions through

3

which it allegedly acquired lawful ownership and possession of the Note, for which the court should grant Plaintiff Summary Judgment.

## LAW AND ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)6, (c) and 56(b) A material fact is one which "controls the outcome of the litigation"(see Anderson v. Liberty Lobby, 477 U.S. 242,106 S. Ct. 2505,2510, 91 L. Ed. 2d 202 (1986); there is no genuine issue as to a material fact when the allegations of the complaint have been admitted by the opposing party through its response to requests for admissions and no admissions have been so stated by Defendant (e.g., Stubbs v. Commissioner of IRS, 797 F. 2d 936, 937-38(11th Cir. 1986); a fact is <u>outcome determinative</u> if the resolution of the fact will establish or eliminate a claim or defense. The Defendant's legal standing before this court has not been established, neither has the legitimacy of its foreclosure proceedings, yet documentation of Defendant's place in the chain of subject property's title is one fact which certainly will "establish or eliminate" Plaintiff's claim for voidance of mortgage liens currently possessed by Defendants. Defendants acted recklessly by neglecting to perform Due Diligence before initiating foreclosure on property it has no possessory rights of, and claims no interest in, in addition to interfering with Plaintiff's contract with FNBA by these very actions. Defendant has failed to produce documentation to support its assumption that it was legally entitled to foreclose on subject property, and thusly has not established itself as having standing to request Summary Judgment. The material fact here, as in regard to Defendants standing is, can Defendant show, by proper transfer statements, and a preponderance of the evidence, that it was the party in interest at the time of the foreclosure? We contend it cannot, and as such, the Plaintiff's request for Summary Judgment should be granted.

4

## CONCLUSION AND RELIEF REQUESTED

"without competent evidence, Defendants case fails as a matter of law. Without proper proof of ownership, even the Note would be inadmissible as a basis for the Defendants foreclosure initiation. The question, of course, would not be whether Defendants right to enforce the Note was conclusively established but whether enough of a case was made out to go to the jury. See Fed. R. Civ. P. 50(a) ("If . . . there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party.")", (*FDIC v. Houde*, supra.)

### Wherefore plaintiff requests that the court adjudge:

1. Defendants request to remove this case to Michigan be denied;
2. That Plaintiff be granted a determination of Summary Judgment in her favor;
3. That Defendants have no legal standing or equitable interest in either the Note or Mortgage(s) to institute or maintain a foreclosure of Plaintiff Crenshaw's property, located at 20964 Lujon drive Farmington Hills MI 48167.
4. That Plaintiff be awarded general and special damages amounts according to proof;
5. punitive damages according to proof;
6. restitution damages of not less than $ 50,000.00, according to proof;
7. That Plaintiff be granted Quiet Title to the subject property;
8. and that Plaintiff shall receive a judicial determination that his or her mortgage liens(s) at issue herein as alleged to exist by Defendants is void ab initio.
9. and on all causes of action for such other and further relief as this Court may deem just and proper so that Plaintiff Crenshaw shall recover money damages of not less than $275,000.00

Dated: October 24, 2012

Respectfully Submitted: *Patricia Crenshaw*
Patricia Crenshaw
25043 Pierce
Southfield, Michigan 48075

## Certificate of Service

I certify that on October 24, 2012, I mailed a copy of Plaintiff's Answer and Motion to Deny Defendants Request for Removal and to Dismiss, to the Court, (Address) Bank of America (Attorney Address), Countrywide (Attorney Address), and Fannie Mae (Attorney Address).

Dated: October 24, 2012

*Patricia Crenshaw*
Patricia Crenshaw

Exhibit A



**ORLANS**
associates pc

248-457-1000
orlans.com

fax 248-457-1001
PO Box 5041, Troy MI 48007-5041

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THE FOLLOWING LETTER IS A DISCUSSION OF ALTERNATIVES TO FORECLOSURE. IT IS OUR UNDERSTANDING THAT YOU ARE NOT CURRENTLY IN BANKRUPTCY. IF YOU ARE IN BANKRUPTCY, THEN PLEASE DISREGARD THIS LETTER IN ITS ENTIRETY AND HAVE YOUR ATTORNEY CONTACT OUR OFFICE SOON AS POSSIBLE**

August 13, 2007

Patricia Ann Crenshaw
20964 Lujon Drive
Farmington Hills, MI 48167

Dear Patricia Ann Crenshaw:

We have been retained by your mortgage company GMAC Mortgage Corporation to start foreclosure proceedings against you. If you are interested in trying to make arrangements to keep your home, help sell your home, or take some cash and leave your home and transfer your deed back to GMAC Mortgage Corporation, please call us at the number below:

**248-457-1000, ext 275 for Tiesha or
248-457-1000, ext 279 for Julie**

Sincerely,

Loan Resolution Department
Orlans Associates, P.C.

Scanned image of a USPS Express Mail Flat Rate Mailing Envelope with postage label ($21.30, Redford, MI, Oct 25, 2012), FILED stamp from U.S. District Court E.D.N.Y. Brooklyn Office dated OCT 26 2012, and Express Mail label number EG 655 215 055 US.